## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **JAMES RAY WILLIAMS**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:07CV00361 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*James Ray Williams, Pro Se Petitioner.*

Petitioner James Ray Williams, a federal inmate acting with assistance from another inmate,[1] was convicted and sentenced in this court in 2001. Williams has submitted a document that he styles as a letter, seeking to withdraw his guilty plea in the closed criminal proceedings, Case No. 2:01CR10013. Given the nature of Williams's claims and request for relief, the court construed and filed Williams's submission as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of court records, however, I find that the § 2255 motion must be dismissed as successive.

---

[1] Inmate Clarence Edward Sargent indicates that he prepared and "orally translated" the letter on Williams's behalf because Williams himself is "effectively illiterate, semi retarded and extremely gullible."

Dockets.Justia.com

Pursuant to a written plea agreement, Williams pleaded guilty in May 2001 to one count of carjacking and one count of discharge of a firearm during and in relation to a crime of violence. As part of the agreement, Williams waived his right to appeal or to bring a § 2255 action. In exchange for his guilty plea, the government moved for dismissal of three other counts against him and agreed that he should receive a reduction for acceptance of responsibility. The court sentenced Williams in December 2001 to 137 months imprisonment as to Count One (carjacking) and to the mandatory minimum of 120 months imprisonment as to Count Two (the firearms offense), to be served consecutive to the sentence on Count One. Williams did not appeal.

In October 2002, Williams filed a § 2255 motion, Case No. 7:02CV01086. The court granted the government's motion to dismiss on the ground that pursuant to his valid plea agreement, he waived his right to bring a § 2255 motion. The court also addressed and dismissed as meritless Williams's claims that his guilty plea was invalid because counsel was ineffective in (a) advising Williams to plead guilty without taking into consideration petitioner's mental condition and retardation and his resultant inability to understand his charges or other options, (b) failing to explore all options, to explain fully the charges against Williams, to ensure a proper line of communication with Williams, or to advise Williams of the sentence he would receive

after a guilty plea, and (c) failing to request a psychological evaluation of Williams's retardation or mental problems to support a motion for downward departure. The court also noted its opinion that Williams's § 2255 claims had no merit, as "he received a very favorable disposition, given the undisputed evidence that on January 22, 2001, he showed no respect for the law or the safety or feelings of others."[2]

In his current § 2255 motion, Williams asserts that because of his mental disabilities, he did not understand when he pleaded guilty that he could receive a 257-month sentence of imprisonment. He seeks to withdraw the guilty plea on this ground. Petitioner cites no legal authority allowing him, at this late date, to withdraw his 2001 guilty plea, and the court finds no such authority.

Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United

---

[2] The government intended to present the following evidence if Williams had gone to trial. When a Lee County deputy sheriff approached the vehicle in which Williams was a passenger, Williams pointed a gun at the female driver's head and told her to drive away. The car belonged to the other passenger in the vehicle, not to Williams. The deputy gave chase. During the pursuit, Williams opened the passenger door of the car and fired several shots at the deputy. Additional police vehicles joined the chase. At one point, Williams forced the driver and the other passenger from the vehicle at gun point and drove off with police units continuing to chase him. Police eventually stopped the vehicle Williams was driving and apprehended him. Williams was advised of his rights. He then admitted that he had fired shots at the deputy sheriff and that he had forced the other passengers from the car at gun point.

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Clearly, § 2255 is the statutory vehicle designed for a federal inmate pursuing a collateral attack on his conviction and/or sentence.[3] For this reason, the court construed Williams's letter as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255 para. 8. As the petitioner offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

A separate Final Order will be entered herewith.

ENTER: August 3, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] Furthermore, to the extent that Williams failed to challenge the validity of his guilty plea by filing a direct appeal, he is barred by the doctrine of procedural default from raising such claims in a § 2255 motion. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).